Frank J. Kronenberg, J.
Plaintiff seeks judgment for damages allegedly, resulting from the delay and/or physical damage from fire of a shipment of gloves plaintiff had ordered shipped from Japan to Hamburg, New York.
Defendant, Acme Fast Freight, Inc., has impleaded Midwest Haulers, Inc., the carrier to whom it entrusted the delivery of the gloves from Chicago to Hamburg, New York.
Plaintiff contends that it had made arrangement for the sale of substantially all of the gloves at the time the purchase was made and that these were seasonal goods for the Christmas trade. The late delivery caused loss of said sales and this resulted in a loss of profits that could not be recouped.
Since the shipment in question was an interstate shipment, involving a common carrier, the liability of the carrier to the holders of bills of lading is almost that of insurers. (Missouri Pacific R.R. Co. v. Elmore & Stahl, 377 U. S. 134.)
Consequently, in view of said rule and the evidence submitted this court finds that the plaintiff is entitled to judgment for damages against the defendant, Acme Fast Freight, Inc.
However, the action of Acme Fast Freight, Inc., third-party plaintiff, against Midwest Haulers, Inc., third-party defendants must be and hereby is dismissed, since Midwest’s only function was to transport the trailer in question from Chicago to Buffalo and deliver it, still sealed, to Acme’s Buffalo terminal.
Damages must now be assessed.
Plaintiff contends that his damages' should include loss of profit and sets forth his claim as follows:
Invoice ................................$ 7,444.50
Customs ............................... 1,152.25
Customs inspection...................... 12.30
Cable charge & M&T Commission......... 22.73
Insurance.............................. 43.00
Freight Bill............................ 603.00
Pre-sale cost........................... 530.06
Interest................................ 458.49
Profit ................................. 2,214.17
12,480.50
Less salvage............................ 4,865.86
Balance due plaintiff....................$ 7,614.64
*431 Defendant contends recovery should be limited as follows:
Invoice ................................$ 7,444.50
Customs ............................... 1,152.25
Custom inspection....................... 12.30
Bank Commission....................... 22.73
8,631.78
Less salvage............................ 4,865.86
Balance due plaintiff....................$ 3,765.92
Plus interest from the date the court finds the goods should have been delivered, (no allowance is made for the freight bill of $603, since plaintiff never paid it).
In contract actions, the injured party is entitled to all such damages as arise naturally from the breach of the rights which that contract was contemplated to assure. (Otis Elevator Co. v. Standard Constr. Co., 92 F. Supp. 603.)
These rights are the ones reasonably contemplated by the parties at the time of the making of the contract, any damage to rights or interests not so contemplated as being protected by the contract cannot serve as the basis of an award of damages. If special circumstances existed at the time of contracting, these belong in the area of “ contemplation ” if known to the defaulting party when the agreement is made. (Oleck, Damages, § 85.)
If at the time of making the contract the plaintiff had an existing contract of resale and the purchase is made in contemplation of such contract of resale and for the purpose of fulfilling it, and the goods cannot otherwise be procured in the market, and the carrier was appraised of these facts at the time the contract was made, the plaintiff may recover the profit it lost by means of the failure to deliver the goods in sufficient time for the Christmas season.
However, mere knowledge of a projected circumstance, without actual or implied acceptance of its consequence, is not enough to cause liability for the resulting damages. (Armstrong Rubber Co. v. Griffith, 43 F. 2d 689.)
In the matter before the court there is insufficient evidence to establish that the carrier was fully appraised of the situation and circumstances (as alleged by the plaintiff), at the time of the making of the contract and that although delivery was expected without delay (as always); time was not made of the essence, nor did the defendant accept that as a condition for the carriage.
*432 Consequently, damages are awarded to the plaintiff as follows:
Invoice ................................$ 7,444.50
Customs............................... 1,152.25
Customs inspection...................... 12.30
Bank Commission...................... 22.73
8,631.78
Less salvage............................ 4,865.86
Balance due plaintiff....................$ 3,765.92
Plus interest from December 1,1964.